UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-62043-CIV-DAMIAN

JUAN CARLOS FERRERA-BETANCES,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

_____/

## ORDER DISMISSING PETITION WITHOUT PREJUDICE

**THIS CAUSE** is before the Court on Petitioner, Juan Carlos Ferrera-Betances's ("Petitioner"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1 ("Petition")], filed on July 24, 2026. Respondent[1] filed a Response to this Court's Order to Show Cause [ECF No. 5 ("Response")] on July 28, 2026. Petitioner did not file a Reply.

THE COURT has reviewed the Petition, the Response, and the record in this case and is otherwise fully advised.

## I.   BACKGROUND

Petitioner is a native and citizen of the Dominican Republic who entered the United States without inspection on or about October 14, 2022, at or near Lukeville, Arizona. Pet. ¶ 19. On October 16, 2022, the Department of Homeland Security ("DHS") served Petitioner

---

[1] As noted in the Response, a writ of *habeas corpus* must "be directed to the person having custody of the person detained." 28 U.S.C. § 2243. In cases involving present physical confinement, the Supreme Court reaffirmed in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), that "the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." Petitioner is currently detained at the Broward Transitional Center ("BTC"). Therefore, the Warden or the assistant field office director of BTC is the proper Respondent in this case, and this Court will refer to him or her as the sole Respondent.

with a Notice to Appear ("NTA"), charging him as removable pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without having been admitted or paroled. *See* Pet., Ex. B. On November 8, 2022, Petitioner was released from immigration custody on his own recognizance. *Id.* On July 18, 2026, Petitioner was taken into U.S. Immigration and Customs Enforcement ("ICE") custody and is presently detained at the Broward Transitional Center. Pet. ¶ 19.

On July 24, 2026, Petitioner filed the Petition now before this Court. Petitioner argues that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and therefore, he is entitled to a bond hearing. *See* Pet. ¶¶ 34–37. He contends that he instead falls within the scope of 8 U.S.C. § 1226(a), which permits release on bond and authorizes an immigration judge to conduct an individualized custody redetermination hearing. *See id.* He also argues that he is entitled to relief as a member of the class certified in *Maldonado Bautista v. Santacruz*, No. 25-cv-01879-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), in which a District Court in the Central District of California directed Respondents to issue bond hearings for Bond-Eligible class members, which, Petitioner alleges, include those in Petitioner's circumstances. *See* Pet. ¶¶ 27–31.

On July 28, 2026, this Court entered an Order to Show Cause directing Respondent to file a Response to the Petition, including as to why this Court should not order that a bond hearing be held for Petitioner within seven days, in light of the ruling by the Eleventh Circuit Court of Appeals in *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, 175 F.4th 1258 (11th Cir. 2026). *See* ECF No. 4. Respondent filed a Response that same day in

which Respondent contends that the Petition should be denied because Petitioner has not exhausted administrative remedies. [ECF No. 5]. Petitioner did not file a Reply.

## II. LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus*. 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

In the Response, Respondent acknowledges that Petitioner is entitled to a bond hearing or an individualized custody determination in light of the Eleventh Circuit's decision in *Hernandez Alvarez v. Warden, FDC Miami*, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Resp. at 2. Respondent indicates, however, that Petitioner has not requested a custody redetermination hearing before an immigration judge and, therefore, Respondent argues that Petitioner has not exhausted his administrative remedies. *Id.* Petitioner did not file a Reply nor otherwise respond to Respondent's argument that he did not exhaust administrative remedies.

A petitioner must exhaust all available administrative remedies before filing a § 2241 petition in federal court. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). While exhaustion is not a jurisdictional requirement, a federal court may not disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the

defense. *Id.* at 474–75. Here, based on the information available in the record before this Court, it appears Petitioner did not exhaust his administrative remedies because he has not requested a bond redetermination hearing before an immigration judge. Resp. at 2.

Prior to the Eleventh Circuit's decision in *Hernandez Alvarez*, this Court excused petitioners' failures to exhaust administrative remedies in contexts like those in which Petitioner finds himself because requests for bond redetermination in such circumstances were deemed futile in light of precedent from the Board of Immigration Appeals ("BIA") dictating that such individuals were not entitled to bond hearings. *See, e.g.*, *Deleon v. Rippa*, No. 26-21088-CIV-DAMIAN, 2026 WL 914777 (S.D. Fla. Apr. 3, 2026) (noting that "any exhaustion requirements are excused for futility because the result of [p]etitioner's bond appeal to the BIA is a foregone conclusion under *Matter of Yajure Hurtado*") (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)); *Mejia v. Lyons*, No. 26-60258-CIV-DAMIAN, 2026 WL 914753 (S.D. Fla. Apr. 3, 2026) (same). The landscape has since changed. Earlier this year, and Petitioner filed the Petition before this Court, the Eleventh Circuit entered its opinion in *Hernandez Alvarez v. Warden, FDC Miami*, in which the Eleventh Circuit concluded that § 1226 applies to aliens unlawfully in the interior, such as Petitioner, and, therefore, that such individuals are entitled to a bond hearing. And the BIA "is obliged to apply the precedent of the relevant court of appeals in cases arising within the associated circuit – even if the Attorney General or the BIA itself disagrees with that precedent." *Garcia v. Garland*, 73 F.4th 219, 230 n.7 (4th Cir. 2023) (citations omitted); *see also Stevens v. Osuna*, 877 F.3d 1293, 1303 (11th Cir. 2017) ("Immigration Judges are also bound both by agency precedent and by precedent established by the federal appellate courts." (citation omitted)).

In light of the *Hernandez-Alvarez* decision, however, it is no longer apparent, without more, that a request for a bond redetermination would be futile. Therefore, Petitioner must exhaust available remedies by seeking relief before the Immigration Court before complaining to this Court that such relief is not available.

Further, having considered the Declaratory Judgment in *Maldonado Bautista v. Santacruz*, the record in the instant case, and the relevant authorities, the undersigned finds that to the extent Petitioner may fall within the description of the classes identified in *Maldonado Bautista*, that has no bearing on this Court's determination of the Petition for several reasons. First, *habeas* relief was sought only by the named petitioners in that case, and Petitioner is not one of the named petitioners. Second, the named petitioners did not seek *nationwide habeas* relief, but, instead, the case is limited to the Central District of California. Third, in granting declaratory relief, the District Court in that case noted that *habeas* relief could only be afforded to class members who were located within the boundaries of the Central District of California. *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 813 F. Supp. 3d. 1084, 1108 (C.D. Cal. 2025) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 446 (2004), for the proposition that "habeas jurisdiction lie[s] 'in only one district: the district of confinement'"). Still, the inapplicability of the *Maldonado Bautista* declaratory judgment does not alter this Court's conclusion that while Petitioner is entitled to an individualized bond hearing as a detainee under Section 1226(a), he must first seek relief before the Immigration Court.

## IV.    CONCLUSION

Accordingly, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Petition for a Writ of Habeas Corpus [**ECF No. 1**] is **DISMISSED WITHOUT PREJUDICE**.

2. Any pending motions are **DENIED AS MOOT**.

3. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida this 10th day of August, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record